IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| Jamel Williams, | ) | C/A No. 1:26-cv-00094-RMG-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Carmen Mullen, Stephen Plexico, | ) | |
| Sarah E. Shipe, Chelsey F. Marto, | ) | |
| Katherine Hudgins, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

      The plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district judge.

      The plaintiff's complaint was entered on the docket on January 9, 2026 (doc. 1) and his second amended complaint (the operative complaint) was entered on the docket on March 10, 2026 (doc. 21). By orders filed February 6, 2026, and March 10, 2026, the plaintiff was given a specific time frame in which to bring this case into proper form for judicial screening (docs. 11; 18). The plaintiff complied with the court's orders, and the case is now in proper form for judicial screening. However, for the reasons that follow, it is recommended that this matter be dismissed.

---

[1] This caption has been updated to reflect the current parties to this action, per the plaintiff's second amended complaint (doc. 21).

**ALLEGATIONS**

The plaintiff filed this action seeking injunctive relief and money damages relating to matters from his criminal convictions in the Allendale County General Sessions Court for murder, attempted murder, and possession of a weapon during the commission of a violent crime (doc. 21).[2] *See* Allendale County Public Index, https://publicindex. sccourts.org/allendale/publicindex/ (enter the plaintiff's name and 2018A0310100029, 2018A0310100030, 2018A0310100031) (last visited April 30, 2026). The plaintiff alleges federal question jurisdiction based on violations of his Fourteenth Amendment rights (doc. 21 at 1). He contends that under South Carolina law, when self-defense is raised as a defense, the court is required to provide a mandatory pretrial immunity determination (*id*.). The plaintiff contends that he does not seek release from custody, to reverse his conviction, or to alter his sentence (*id*. at 2). Instead, the plaintiff seeks compensatory damages and declaratory relief (*id*.).

The defendants include Judge Mullen (the presiding judge in criminal proceedings) and attorneys who represented the plaintiff during trial and during postconviction relief ("PCR") proceedings (*id*. at 2). The plaintiff contends that prior to trial he asserted self-defense of habitation and defense of others, which required a pretrial immunity determination under South Carolina law (*id*. at 2–3). Trial counsel acknowledged that a hearing was not requested or conducted and trial proceeded without one (*id*. at 3). The plaintiff contends that he raised the lack of a pretrial immunity hearing as part of his PCR proceedings, but the omission of the hearing was improperly characterized as strategic instead of being adjudicated on the merits (*id*.). The plaintiff seeks relief based

---

[2] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

on a procedural due process violation when the immunity determination was not made prior to trial (*id*. at 3–4).

For relief, the plaintiff seeks a determination that failing to have the pretrial immunity hearing was a procedural due process violation and money damages (*id*. at 4).

### STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private

right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages and injunctive relief from the defendants. However, as outlined below, the plaintiff's second amended complaint is subject to summary dismissal. Of note, the plaintiff abandoned the majority of the defendants originally named in this action and multiple claims intentionally when amending his pleadings, thus, those abandoned claims have not been addressed herein (*see* doc. 17-3 (noting that the second amended complaint narrowed the defendants he was seeking relief against and "narrow[ed] the action strictly to procedural due process concerning a mandatory pretrial immunity determination")).

Here, the instant matter, seeking in part a declaration that the plaintiff's due process rights were violated, appears subject to dismissal because it is duplicative of a habeas case pending in this court filed by the plaintiff. *See Williams v. Warden, Lieber Corr. Inst.*, C/A No. 2:26-cv-00378-RMG-MGB (D.S.C.) (pending) ("Williams Habeas"). In that action, the plaintiff seeks to have his conviction/sentence overturned based on the same due process violation asserted in this action. *Id*. at doc. 1. Efficient judicial administration generally requires the federal courts to avoid duplicative federal litigation. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, a case pending in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10-cv-00895-JFA,

4

2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (internal quotation marks omitted) (quoting *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688, 697 (D.S.C. 2007)). Suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (*citing LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989)). Here, the second amended complaint in this action seeks damages and injunctive relief relating to matters surrounding the plaintiff's criminal charges in the Allendale County General Sessions Court (*see* doc. 21). The plaintiff seeks habeas relief regarding the same charges in Williams Habeas. *Williams*, C/A No. 2:26-cv-00378-RMG-MGB, at doc. 1. As such, with respect to the injunctive relief sought by the plaintiff, the two cases are parallel suits. The Williams Habeas case is the proper case for the plaintiff to challenge his state court criminal convictions/sentence; thus, the request for injunctive relief in the instant matter should be dismissed as duplicative.[3] *See Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964) (internal quotation marks and citation omitted) (dismissal of duplicative action necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.").

**The plaintiff's complaint is barred by *Heck***

Further, the claims in the plaintiff's second amended complaint, seeking money damages based on violations of his constitutional rights due to alleged improper procedures during the plaintiff's state court criminal proceedings, are subject to dismissal because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United

---

[3] The plaintiff has also previously filed a civil rights action asserting the same claims asserted in this action that was dismissed, although the dismissal in the prior action was without prejudice. *See Williams v. Evans, et al.*, C/A No. 2:25-cv-01072-RMG-MGB, 2025 WL 1463315 (D.S.C. May 22, 2025), *aff'd by* Case Number 25-6545, 2025 WL 3772078 (4th Cir. Dec. 31, 2025).

States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *Id*. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 486–87 (footnote omitted); *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). The plaintiff's second amended complaint includes no indication that his charges were adjudicated in his favor (*see* doc. 21). Moreover, judicially-noticed, publicly-available online records indicate that the plaintiff was found guilty by a jury of murder, attempted murder, and possession of a weapon during the commission of a violent crime. *See* Allendale County Public Index (enter the plaintiff's name and 2018A0310100029, 2018A0310100030, 2018A0310100031) (last visited April 30, 2026). The plaintiff has an appeal pending in his PCR action and a pending habeas matter – Williams Habeas – but none of those matters have indicated a favorable termination on his criminal charges. *See* Allendale County Public Index (enter the plaintiff's name and 2022CP0300057) (last visited April 30, 2026)[4]; *Williams*, C/A No. 2:26-cv-00378-RMG-MGB (D.S.C.) (pending). The plaintiff argues in his second amended complaint that he challenges the violation of his due process rights and

---

[4] The PCR appeal is pending before the South Carolina Court of Appeals at Case Number 2025-001289.

is not challenging his criminal convictions (doc. 21 at 4); however, finding a due process violation necessarily implies the invalidity of the plaintiff's convictions – especially as he has raised the same matter in his PCR and habeas proceedings.  Thus, any damages claim involving the plaintiff's criminal charges is barred by *Heck*.

**Failure to State a Claim**

As noted above, the plaintiff's second amended complaint is subject to dismissal for multiple reasons, including that at least a portion of the plaintiff's claims are duplicative of Williams Habeas and are barred by *Heck*.  However, even aside from the foregoing, the plaintiff's second amended complaint is also subject to summary dismissal for failure to state a claim.

### *Judicial Immunity*

Defendant Judge Mullen, the trial court judge over the plaintiff's state criminal charges, is subject to dismissal because of judicial immunity.  It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages).  Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity.  *Mireles*, 502 U.S. at 12.  Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority.  *Id.* at 12–13.  Absolute immunity is "an immunity from suit rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted).  The plaintiff's claim against Judge Mullen is that she improperly denied the plaintiff a pretrial immunity hearing, which involves Judge Mullen's judicial

7

actions in presiding over the jury trial involving the plaintiff. Accordingly, judicial immunity squarely applies and any claims against Judge Mullen should be dismissed.

### *Not a State Actor*

Additionally, the plaintiff's due process claim under § 1983 against the remaining defendants is also subject to dismissal because the remaining defendants named did not act under color of state law: Stephen T. Plexico, Chelsey F. Marto, Sarah E. Shipe, and Katherine Hudgins. It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999). In distinguishing between state action and private action,

> The judicial obligation is not only to preserv[e] an area of individual freedom by limiting the reach of federal law and avoi[d] the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citations omitted). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted).

The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as "when the state has coerced a private actor to commit an act that would be unconstitutional if done by the state"; "when the state has delegated a traditionally and exclusively public function to a private actor"; "when the state has sought to evade a clear constitutional duty through delegation to a private actor"; or "when the state has committed an unconstitutional

8

act in the course of enforcing a right of a private citizen." *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case is whether the private actor's conduct was fairly attributable to the state. *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000). The defendants listed above are attorneys who represented the plaintiff during various times in his criminal proceedings: Stephen Plexico was trial counsel; Sarah Shipe was appellate counsel during the direct appeal; Chesley Marto was PCR appellate counsel; and Katherine Hudgins is noted as writ/appellate counsel (*see* doc. 21 at 2). However, the plaintiff's second amended complaint "includes no facts that establish such a 'close nexus' between" the defendants' challenged actions and the state such that their actions "may be 'fairly treated' as those of the state itself." *See Perry v. Chattem, Inc.*, C/A No. 7:08-cv-00106, 2008 WL 983428, at *4 (W.D. Va. Apr. 9, 2008). To the extent the plaintiff argues that these attorneys are state actors because they were court appointed, the law is well-established that appointed defense counsel are not state actors for purposes of § 1983 claims because the public defender acts not on behalf of the state; rather, the public defender "is the State's adversary." *Polk Cty. v. Dodson*, 454 U.S. 312, 323 n.13 (1981); *see Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (finding no state action under § 1983, even where the plaintiff's attorney was court-appointed); *Mahaffey v. Sumter Cty. Pub. Defender's Corp.*, C/A No. 3:06-3557-SB, 2007 WL 3001675, at *4 (D.S.C. Oct. 9, 2007) ("[T]he Sumter County Public Defender's Corp. did not act under color of state law and is entitled to summary dismissal."). As such, the plaintiff's claims against these defendants are also subject to summary dismissal.

**State Law Claims**

The plaintiff's second amended complaint may also assert claims based on South Carolina state law (*see* doc. 21); however, the court should abstain from exercising

9

jurisdiction over these claims. Such claims can be considered by this court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal claims. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998); 28 U.S.C. § 1367. However, federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." Here, as noted above, the plaintiff's federal claims are subject to dismissal. Thus, this court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.")

## RECOMMENDATION

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by further amending the second amended complaint. Therefore, the undersigned recommends that the district judge dismiss this action with[5] prejudice, without leave to amend, and without issuance and service of process.[6] *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). As this is the second § 1983 action filed by the plaintiff regarding the

---

[5] Other than the claims barred by *Heck*, which should be dismissed without prejudice.

[6] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action could later be deemed a strike under the three-strikes rule. *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

same claims, it is further recommended that the plaintiff be warned regarding the entry of sanctions should he continue filing duplicative actions in this court.  **The attention of the parties is directed to the important notice on the next page.**

      **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

April 30, 2026
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).