**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Jamel Williams, | Case No. 1:26-94-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Carmen Mullen, Stephen Plexico, Sarah E. Snipe, Chelsey F. Marto, Katherine Hudgins, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 30) recommending that the Court summarily dismiss this action without issuance and service of process and without leave to amend. Plaintiff was advised that he had fourteen days to file written objections to the R & R and the failure to file timely objections would result in limited, clear error review and waiver of the right to appeal the district court's order to the court of appeals. (*Id.* at 12).  Plaintiffs filed no timely objections to the R & R.

## I.   Background

Plaintiff, acting pro se, brought this action under 42 U.S.C. § 1983 against the judge who presided over his state criminal trial and the attorneys who represented him at his state criminal trial and in his post-conviction proceedings.  Plaintiff was convicted in the Allendale County Court of General Sessions of murder, attempted murder and possession of a weapon during the commission of a violent crime.  He presently has pending a state post-conviction relief action and a habeas petition in the United States District Court.  In this action, Plaintiff seeks money damages against the various named defendants and injunctive relief.

1

## II.    Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## III.    Discussion

The Magistrate Judge ably summarized the factual and legal issues in this action and correctly concluded that Plaintiff's claims are barred on a variety of separate and independent grounds.  First, Plaintiff's § 1983 claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because his underlying state criminal conviction on which his claims are based has not been overturned. Second, the claim against his state trial judge, Judge Carmen Mullin, is barred by judicial immunity.  Third, the claims against his attorneys are barred by the fact that none are state actors subject to a claim under § 1983.  Fourth, the claim for injunctive relief is barred because the same claim has been asserted in Plaintiff's pending habeas petition, making it subject to dismissal as duplicative litigation.  The Magistrate Judge further appropriately recommended that the Court decline to exercise its supplemental jurisdiction over any possible state law claims.

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 30) as the Order of the Court and **DISMISSES** this action without issuance of and service of process and without leave to amend. All claims are dismissed with prejudice except the claims barred by *Heck v. Humphrey*.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 27, 2026
Charleston, South Carolina